IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE NATIVIDAD OCHOA, | 2:14-cv-00354-TLN-BMK |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS TO DENY PETITION FOR WRIT OF HABEAS CORPUS |
| E. ARNOLD, | |
| Respondent. | |

FINDINGS AND RECOMMENDATIONS TO DENY
PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Jose Natividad Ochoa's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. After careful consideration of the Petition and the supporting and opposing memoranda, the Court finds and recommends that the Petition be DENIED. Specifically, the Court finds that Petitioner fails to show the Kings County Superior Court's decision was contrary to, or an unreasonable application of, clearly established Supreme Court precedent.

BACKGROUND

While Petitioner was serving a prison sentence for a conviction of auto theft and being a felon in possession of a firearm, he was found guilty by a prison disciplinary decision of battery on an inmate with a weapon. That disciplinary

decision is the basis of Petitioner's habeas petition.

According to a prison report, on September 2, 2012, inmate Gutierrez was in a restroom when inmate Tyler entered the restroom and began to physically assault Gutierrez.  (Ex. 1 attached to Answer, at 27.)  According to a confidential source, Petitioner and two other inmates ran into the restroom and began to stab and slice Tyler with a homemade weapon.  (Id.)  Correctional Officers McDonald and Viray observed the incident, ordered the inmates to get down, and activated alarms.  (Id. at 55.)  Their verbal orders were ineffective, however, so Officer McDonald dispersed an instantaneous blast grenade.  (Id.)  The Officers recovered the homemade weapon and observed blood on Petitioner's shoes and shorts, as well as on his hands, wrist, and forearms.  (Id.)

Prison officials issued a Rules Violation Report, which charged Petitioner with violating California Code of Regulations, Title 15, Section 3005(d)(1), battery on an inmate with a weapon.  (Id.)  At a prison disciplinary hearing held on October 12, 2012, a senior hearing officer found reliable a confidential informant's statement that Petitioner was involved in the assault.  (Id. at 63.)  The hearing officer also noted that, although Petitioner did not originally request witnesses to be present at the hearing, he later requested to call Tyler as a witness. (Id.)  However, the hearing officer denied the request because "[i]t was

stipulated that when asked 'At any time did you observe [Petitioner] attack Gutierrez or being involved [in the assault]?,' Inmate Tyler's response would be 'No.'" (Id.) After considering all evidence presented at the hearing – including the officers' reports, the confidential source's information deemed reliable, and the blood found on Petitioner's body – , the hearing officer found a "preponderance of the evidence . . . supports a finding that [Petitioner] is GUILTY." (Id.) Petitioner appealed this decision, but all levels of review affirmed the guilty determination. (Id. at )

Petitioner thereafter filed a habeas petition in the Kings County Superior Court, challenging the disciplinary action. (Exhibit 1 attached to Answer, at 5-18.) He argued that there was insufficient evidence to support the guilty finding and that the hearing officer erred in denying his request to call a witness. (Ex. H attached to Petition, at 1-2.) The superior court noted that "a disciplinary finding requires only '<u>some</u>' evidence to satisfy due process concerns" and held that the officers' reports, the confidential source's information, and the blood found on Petitioner constituted "some evidence" to support the determination of guilt. (Id. at 1-2 (emphasis in original).) Consequently, the court denied the habeas petition. (Id. at 2.) Petitioner's habeas petitions to the California Court of Appeal and the California Supreme Court were summarily denied. (Ex. I attached to Petition; Answer at 3, Traverse at 4.)

On February 5, 2014, Petitioner filed his federal habeas petition. He raises the same issues as he did throughout his prior appeals and petitions. He argues that his due process rights were violated when the hearing officer (1) based his guilty findings on insufficient evidence and (2) denied his request to call a witness at the hearing. (Petition at 6-9.)

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a "highly deferential standard for evaluating state-court rulings. Woodford v. Visciotti, 537 U.S. 19, 24 (2002). Under AEDPA, "we must defer to the state court's resolution of federal claims unless its determination 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Delgadillo v. Woodford, 527 F.3d 919, 924-25 (9th Cir. 2008) (quoting 28 U.S.C. § 2254(d)(1)). "The relevant state court determination for purposes of AEDPA review is the last reasoned state court decision." Id. In this case, the Kings County Superior Court's decision is the last reasoned state court decision.

I. Petitioner's Claim That Insufficient Evidence Supported the Hearing Officer's Guilty Determination.

Petitioner argues that the hearing officer's finding that he was guilty of battery on an inmate with a weapon was based on insufficient evidence and therefore deprived him of his due process rights. (Petition at 6.)

In <u>Superintendent, Mass. Correctional Institution v. Hill</u>, the United States Supreme Court decided "whether findings of a prison disciplinary board . . . must be supported by a certain amount of evidence in order to satisfy due process." 472 U.S. 445, 453 (1985). The Court held that "the minimum requirements of procedural due process" are met where "the findings of the prison disciplinary board are supported by <u>some evidence</u> in the record." <u>Id.</u> at 454 (emphasis added) ("We hold that the requirements of due process are satisfied if <u>some evidence</u> supports the decision by the prison disciplinary board." (emphasis added)). The Court explained the "some evidence" standard:

> This standard is met if "there was some evidence from which the conclusion of the administrative tribunal could be deduced." Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

<u>Id.</u> at 455-56.

In denying Petitioner's first habeas petition, the Kings County Superior Court cited to <u>Hill</u> and quoted its "some evidence" standard. (Ex. H attached to

5

Petition at 2.)   The superior court noted that the hearing officer's finding of guilt was based on the testimony of correctional officers, confidential source information, and blood located on Petitioner's body.   (Id.)   Consequently, the court found there to be "'some evidence' in the record to support the determination of guilt reached" and concluded that habeas relief was inappropriate.   (Id.)

The Kings County Superior Court's decision accurately stated the U.S. Supreme Court's evidentiary standard for prison disciplinary decisions, and this Court agrees that the record includes "some evidence" that supports the guilty finding.   Although Petitioner argues that the confidential informant's testimony was unreliable and that the hearing officer should have weighed the evidence differently, Hill makes clear that this Court need not assess the credibility of witnesses or weigh the evidence.   472 U.S. at 455.   Accordingly, the Court finds that the superior court's decision that "some evidence" in the record supported the guilty finding was not contrary to, or an unreasonable application of, clearly established Supreme Court precedence.   Indeed, the "minimum requirements of due process" were met, Hill, 472 U.S. at 454, and Petitioner's claim that his due process rights were violated due to insufficient evidence lacks merit.

II.   Petitioner's Claim that the Hearing Officer Erred in Denying His Request to Call a Witness.

Petitioner also asserts that the prison hearing officer violated his due process rights when Petitioner's request to call a witness was denied. (Petition at 6.) He argues that inmate Tyler would have testified in his defense that "Petitioner had nothing to do with the assault." (Id.) Because the Kings County Superior Court did not address this issue, this Court "must presume (subject to rebuttal) that the federal claim was adjudicated on the merits." Johnson v. Williams, 133 S. Ct. 1088, 1091 (2013).

In Wolff v. McDonnell, the United States Supreme Court held that an inmate facing disciplinary proceedings "should be allowed to call witnesses . . . when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." 418 U.S. 539, 566 (1974). However, the right to call witnesses is not absolute. The Supreme Court noted that prison officials, who "are reluctant to extend the unqualified right to call witnesses," "must have the necessary discretion without being subject to unduly crippling constitutional impediments." Id. at 566-67.

In this case, the prison hearing officer denied Petitioner's request to call inmate Tyler as a witness in his defense because the hearing officer and Petitioner stipulated to Tyler's anticipated testimony that Petitioner did not attack him. (Ex. 1 attached to Answer, at 63.) Petitioner states that he wanted to call Tyler so that

Tyler could testify that "Petitioner had nothing to do with the assault."  (Petition at 6.)   However, the stipulation addressed that issue, and Petitioner does not explain what additional testimony Tyler would have provided in his defense.   Accordingly, the hearing officer's denial of Petitioner's request to call Tyler as a witness did not violate his due process rights, and the superior court's denial of his claim for relief on this ground was not contrary to, or an unreasonable application of, clearly established Supreme Court precedence.

## CONCLUSION

The Court finds that Petitioner fails to show the King County Superior Court's decision was contrary to, or an unreasonable application of, clearly established Supreme Court precedence.   Accordingly, the Court finds and recommends that the Petition for Writ of Habeas Corpus be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).   Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court.   Local Rule 304(b).   The document shall be captioned "Objections to Magistrate Judge's Findings and Recommendation."   Responses, if any, are due within fourteen (14) days after being served with the objections.   Local Rule 304(d).   The parties are

advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991) (in habeas case, failure to object to findings and recommendations may result in waiver of arguments on appeal).

       IT IS SO ORDERED.

       DATED: Honolulu, Hawaii, November 9, 2016



      /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Jose Natividad Ochoa v. E. Arnold, 2:14-cv-00354-TLN-BMK, FINDINGS AND RECOMMENDATIONS TO DENY PETITION FOR WRIT OF HABEAS CORPUS.